SCHOOLS
Under the provisions of 70 O.S. 5-117 [70-5-117] (1977), an attorney may be employed by a local board of education to represent the school district in a court action in any matter in which such district is officially interested, and may contract with a law firm for such purpose on a contingent fee basis. The Attorney General has considered your request for an opinion wherein you ask the following question: "May a school board . . . contract with a law firm on a contingent fee basis of 50%?" In your letter you further state that the basis for the litigation giving rise to the employment of the law firm would be the alleged price-fixing of a company selling goods to the school board and district. Title 70 O.S. 5-117 [70-5-117] (1977) provides, in part: "The board of education of each school district shall have the power to elect its own officers; to make rules and regulations, not inconsistent with the law or rules and regulations of the State Board of Education, governing the board and the school system of the district; to maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts; . . . to contract with and fix the duties and compensation of physicians, dentists, optometrists, nurses, attorneys, . . . and other necessary employees of the district. . . ." With respect to this statutory provision, the Attorney General has previously stated: "Title 70 O.S. 5-117 [70-5-117] (1972) gives a board of education express authority to employ an attorney. Under the statute an attorney may be employed to represent the school district in a court action in any matter in which it is officially interested. In such an instance the attorney's fees could properly be paid from school district funds." 5 Okl.Op.A.G. 224 (Opinion No. 72-231, February 28, 1972) Relative to that aspect of your question pertaining to compensation on a contingent fee basis, it is noted that while 70 O.S. 5-117 [70-5-117] does not specifically address the matter of contingent fees, said section does authorize the board of education to contract with and fix the duties and compensation of attorneys it may employ. We additionally note at least one decision of the Oklahoma Supreme Court which appears to recognize the potential enforceability of an attorney-board of education employment contract which provides for a contingent fee to be paid. In the case of Board of Education of Oklahoma City v. Thurman,121 Okl. 108, 247 P. 996 (1926), an action was brought by an attorney to recover attorney's fees alleged to be due from the employing board of education. In this case, the employment contract provided for the employment of the attorney to assist the County Attorney of Oklahoma County and the Municipal Counselor of Oklahoma City in handling 619 tax suits which were filed in 1923 by various taxpayers against the then-acting County Treasurer of Oklahoma County. The employment contract in that case provided for compensation to the attorney upon a contingent fee basis. In this case, the Court refused to set aside the employment contract on the basis of the contingent fee, but went on to modify the amount to which the attorney was entitled generally based on the co-existing duty of the County Attorney to provide legal counsel in the circumstances presented in that case. Notwithstanding the Court's ultimate ruling in this case, the Court in no respect impaired the enforceability of the subject contract based upon the contingent fee aspect thereof. Based upon a plain reading of 70 O.S. 5-117 [70-5-117], and the authorities above noted, there appears to be no prohibition in law to the employment of an attorney by a school district governing board of education upon a contingent fee basis. With respect to the amount of percentage of the contingent fee involved in your question, this is not a matter with respect to which an opinion may be offered. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Under the provisions of 70 O.S. 5-117 [70-5-117] (1977), an attorney may be employed by a local board of education to represent the school district in a court action in any matter in which such district is officially interested, and may contract with a law firm for such purposes on a contingent fee basis. (R. THOMAS LAY) (ksg)